IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-MJ-00060-JAM |
| ALEJANDRO MAURICIO ZAVALA, | |
| Defendant. | |

## MOTION FOR DETENTION

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that defendant committed the offense of conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 846;

2. There is probable cause to believe that defendant committed the offense of conspiracy to traffic firearms, to include machine guns, in violation 18 U.S.C. § 933;

3. Defendant poses a risk to the safety of others in the community; and

4. Defendant poses a risk of non-appearance.

## SUPPORTING SUGGESTIONS

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure a defendant's appearance and the safety of any other person in

the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq*.) for which imprisonment for 10 years or more is possible. In this case, defendant is charged with conspiracy to possess with the intent to distribute and to distribute a mixture or substance containing a detectable amount of cocaine, a crime for which a sentence of 20 years of imprisonment is possible. Moreover, during the execution of a federal search warrant today, at least 500 grams of a mixture or substance containing a detectable amount of cocaine (gross weight-approximate 3 pounds) was recovered under the apparent care, custody, and control of the defendant. Additionally, multiple firearms, to include machine guns, suspected dynamite and silencers/suppressors were recovered from the home Zavala was arrested in on Bellaire in Kansas City, Missouri.

The Government further submits that, in light of the Complaint filed in this case, there is probable cause to believe defendant violated 21 U.S.C. § 841(a)(1), (b)(1)(B) and 846. Section 3142(e) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act. Accordingly, the Government contends that, upon a showing that there exists probable cause that defendant committed the offense of possession with the intent to distribute a mixture or substance containing a detectable amount of cocaine, there is a legal presumption, subject to rebuttal by defendant, that no condition or combination of conditions will reasonably assure defendant's appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir. 1988). Defendant has the burden of proving that he is not a danger to the community or a risk of flight. *United States v. Abad*, 350 F.3d 793, 793 (8th Cir. 2003.) If defendant meets the burden of production, it does not disappear, but remains a factor for consideration by the court. *Id*.

Additionally, under the Bail Reform Act, there is a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *see also United States v. Soto Rivera*, 581 F. Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F. Supp. 1117 (D.C. Fla. 1979).

If the presumption favoring detention has been rebutted, the Government must demonstrate that no conditions will reasonably assure a defendant's appearance by a preponderance of the evidence, and that no conditions will reasonably assure the safety of the community by clear and convincing evidence. *Abad*, 350 F.3d at 797. Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his or her criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Danger to the community not only refers to physical violence, but also encompasses any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990) *see also United States v. Boy*, 322 F. App'x 598, 600 (10th Cir. 2009) ("The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger that the defendant might engage in criminal activity to the detriment of the community." (internal quotation and citation omitted)).

For the foregoing reasons and based upon the information in the affidavit in support of the complaint, the United States requests that a detention hearing be held and that Defendant be denied bail.

        Respectfully submitted,

        Teresa A. Moore
        United States Attorney
        Western District of Missouri

By  */s/ David A. Barnes*
        David A. Barnes
        Assistant United States Attorney
        Minnesota Bar No. 0395274
        Charles Evans Whittaker Courthouse
        400 East Ninth Street, Suite 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on May 31, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

        */s/ David A. Barnes*
        David A. Barnes
        Assistant United States Attorney